## Case No. 6,401.

### The HERCULES.

[1 Spr. 534.] [1]

District Court, D. Massachusetts. Nov., 1842.

SEAMEN—STATUTE DESERTION—ENTRY IN LOG-BOOK.

It is essential to a statute desertion, that there should be an entry upon the log-book stating the name of the seaman, and that he was absent from the ship at least forty-eight hours. Such entry may be controlled by parol evidence.

This was a libel promoted by Jno. Bramles, a seaman on board of the ship Hercules, for wages on a voyage from Charleston, S. C., to Copenhagen, and thence to Boston. The claimant set up a forfeiture by desertion at Copenhagen.

E. T. Dana, for libellant.

The claimant, pro se.

SPRAGUE, District Judge. The defence mainly relied upon by the claimant, is a forfeiture of wages by a statute desertion, as it is commonly called. To maintain this defence, it is essential that there should be an entry upon the log-book, stating the name of the seaman, and that he was absent from the ship, at least forty-eight hours, without leave. The name by which the libellant was called on board of the ship was Aleck. The entry in the log is as follows: "May 16th, Aleck and William absconded and defied us." "May 17th, men still away." This entry cannot be deemed sufficient; for it may be true that they were absent, as therein stated, on the 16th, and also on the 17th, and yet the absence may have covered only a part of each of those days, or the whole of one and part of the other, and thus have been less than forty-eight hours. This alone is fatal to the defence; and it is also questionable whether, in other respects, this entry is sufficient. Beside this, it has been satisfactorily proved by parol, that the absence was in fact less than forty-eight hours. Such evidence is admissible; for although the statute has prescribed an entry in the log-book, as an indispensable requirement, and made it prima facie evidence, yet it has not made it conclusive. Orne v. Townsend [Case No. 10,583]; The Rovena [Id. 12,090]. It has not the sanctity of a record, nor the force of a written contract. It is a mere statement by the mate, without the assent or knowledge of the libellant. By the maritime law, there can be no desertion, unless there be a leaving of the service of the ship, with an intention not to return. But the statute of 1790—chapter 29, § 5 [1 Stat. 133]—has inflicted a forfeiture of wages for a

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

mere absence without leave, although there may have been, from the beginning, an intention to return; and has made a certain statement in writing, a pre-requisite to such forfeiture. It has not made the forfeiture necessarily consequent upon such statement merely; but the statement must be true. Decree for the libellant, deducting three days' wages for one day's absence.